### MILLS *et al.* v. WILLIAMS, administratrix, *et al.*

No. 7394. SEPTEMBER 19, 1930.

*W. P. Wallis,* for plaintiffs.

*R. L. Maynard, T. O. Marshall, W. W. Dykes, Stephen Pace, W. H. Gurr,* and *Ellis, Webb & Ellis,* for defendants.

PER CURIAM. This was a suit in equity brought by the heirs of Joshua Williams against Mrs. Mary Williams individually and as administratrix, and against the surety on her bond and other parties defendant. The equitable relief of injunction and a receiver is prayed, and judgment and other relief is sought against

Mrs. Williams and the surety on her bond. After answers and demurrers were filed by the parties defendant, the court, by appropriate order, referred the entire case to an auditor. After a hearing the auditor made his report, containing his findings of fact and of law. Exceptions to these were filed by the plaintiffs, and a motion to recommit was made. The court overruled the motion to recommit, overruled the exceptions of law and fact, and entered a final decree. Exceptions were taken to the overruling of the exceptions of fact and law and to the final decree entered by the court.

■ After an examination of the findings of law and fact, and the decree of the court, and the exceptions taken to the findings of the auditor and the decree of the court, this court is of the opinion that the court below properly overruled the exceptions to the findings of the auditor, and the exceptions to the decree then entered were without merit.

■ The court below did not err in overruling the motion to recommit.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Beck, P. J., who dissent.*

RUSSELL, C. J., dissenting. I am of the opinion that this motion should have been granted, and that it was error to overrule the same. And the auditor's report was defective in that it did not find what was the liability and the amount of the liability of the defendant, Mrs. Williams, as administratrix, to the heirs of the decedent; and a determination of this is necessary in order that it be further determined whether or not the administratrix can respond to the just and lawful claims of the heirs against the estate, and if she be unable to respond in full to the lawful claims because of waste and the unlawful expenditure of moneys, her surety should be found responsible, answerable, and liable to the claims of the heirs. These questions should be determined, under the issues made in this case.

BECK, P. J., concurs in the ruling that the court did not err in refusing to recommit the case for another hearing by the auditor, but dissents from the general holding sustaining the decree of the court and affirming the judgment.